FILED BY ⎯⎯ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE   05 MAY 31  PM 5: 04
WESTERN DIVISION

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|   |   |   |
|---|---|---|
| JACK C. REED, | X | |
| Petitioner, | X | |
| vs. | X | No. 05-2024-M1/V |
| T.C. OUTLAW, | X | |
| Respondent. | X | |

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Jack C. Reed, Bureau of Prisons inmate registration number 06844-018, an inmate at the Federal Correctional Institution in Memphis, filed a pro se petition pursuant to 28 U.S.C. § 2241 on January 4, 2005. The Court issued an order on January 19, 2005, directing the Petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. Reed paid the habeas filing fee on February 3, 2005.

On September 18, 1981, Reed and a codefendant, Carlos Lehder-Rivas were indicted in the United States District Court for the Middle District of Florida. Reed was named only in the first count of the eleven-count indictment, which charged both defendants

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-2-05



with a conspiracy to import cocaine into the United States, in violation of 21 U.S.C. § 963. Reed was arrested in Panama on February 6, 1987, and was extradited to the United States. After a seven-month jury trial, the jury returned its verdict on May 13, 1988, finding Reed guilty on Count I. The trial court conducted a sentencing hearing on July 20, 1988, at which time Reed was sentenced to fifteen (15) years imprisonment and a $25,000 fine. The United States Court of Appeals for the Eleventh Circuit affirmed. United States v. Lehder-Rivas, 955 F.2d 1510 (11th Cir.), cert. denied sub nom., 506 U.S. 924 (1992) ("Reed I"). The petition does not disclose any subsequent efforts by Reed to challenge this conviction and sentence, which are not the subject of this petition.

Subsequently, Reed and multiple codefendants were indicted in a twelve-count indictment returned in the Middle District of Florida on February 29, 1989 ("Reed II"). The first count charged Reed and other defendants with conspiring to distribute five or more kilograms of cocaine from 1974 through February 1989, in violation of 21 U.S.C. § 963. Count seven charged Reed with conducting a continuing criminal enterprise ("CCE") from January 1978 through February 1987, in violation of 21 U.S.C. § 848. After a six-week trial, Reed was convicted on counts one and seven. Reed was sentenced to life imprisonment on count one, to run concurrently with the previously imposed fifteen-year term. He was

2

also fined two million dollars ($2,000,000). The trial court also sentenced Reed to a consecutive life term on the CCE charge. Judgment was entered on January 12, 1990. The United States Court of Appeals for the Eleventh Circuit affirmed Reed's conviction and sentence on count one, but reversed his conviction on the CCE charge on double jeopardy grounds because of his conviction in Reed I. United States v. Reed, 980 F.2d 1568 (11th Cir. 1993).

According to the petition, Reed filed a motion pursuant to 28 U.S.C. § 2255 on an unspecified date with respect to his remaining life sentence in Reed II, which was denied without an evidentiary hearing or the appointment of counsel. Reed does not disclose whether he appealed that decision. He also does not disclose any other efforts to challenge his conviction and sentence in Reed II. However, a review of the district court docket sheet[1] indicates that Reed filed what he characterized as a motion to reduce an illegal sentence on February 14, 1997. The district court denied that motion on July 17, 1998. The United States Court of Appeals for the Eleventh Circuit dismissed the appeal as frivolous in an unpublished opinion issued on May 23, 2000. United States v. Reed, No. 98-3145 (11th Cir. May 23, 2000).

---

[1] Only entries after February 14, 1995, are available through PACER and, therefore, the Court is unable to ascertain any previous challenges filed by Reed to his 1990 conviction and sentence. Moreover, the text of documents filed, and orders issued, prior to December 1, 2004, are unavailable to remote users.

3

Reed also filed a motion pursuant to 28 U.S.C. § 2255 on April 11, 1997. The district court denied the motion in an order entered on July 22, 1998, and denied a certificate of appealability on September 16, 1998. The Eleventh Circuit denied a certificate of appealability, Reed v. United States, No. 98-3147 (11th Cir. Apr. 7, 2000), and denied reconsideration of that decision on June 21, 2000. Reed v. United States, No. 98-3147 (11th Cir. June 21, 2000).

On June 27, 2003, Reed filed a motion to vacate his criminal judgment in Reed II pursuant to Fed. R. Civ. P. 60(b)(4). The trial court denied the motion on December 4, 2003, without prejudice to its being brought in a second or successive § 2255 motion. Reed filed a notice of appeal, and he later filed a notice withdrawing his appeal. The Eleventh Circuit dismissed the appeal for failure to pay the appellate filing fee. United States v. Reed, No. 03-16566-G (11th Cir. Jan. 22, 2004).

On September 8, 2004, Reed filed a motion seeking to modify his criminal judgment in Reed II. The district court denied the motion on October 25, 2004. Reed filed a motion for reconsideration on November 8, 2004, which was denied on November 12, 2004. Reed's appeal was dismissed for failure to pay the appellate filing fee. United States v. Reed, No. 04-16352-1 (11th Cir. Feb. 17, 2005).

Reed filed a motion, which was docketed as another § 2255 motion, in the Middle District of Florida on February 23, 2005,

4

which is currently pending. That motion seeks relief from the sentence imposed in Reed II on the basis of the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).

Reed has now filed a petition pursuant to 28 U.S.C. § 2241. Reed appears to contend that his 1990 life sentence for conspiring to distribute cocaine is void as duplicative of his 1990 CCE conviction, which was subsequently reversed by the Eleventh Circuit on double jeopardy grounds because of his conviction in Reed I. Reed asserts that the purported conflict between the two 1990 convictions was not resolved by the reversal of the CCE conviction by the Eleventh Circuit because the precise issue raised in this petition was not addressed by the Eleventh Circuit on direct appeal.[2]

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). On the other hand, "[s]ection 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as

---

[2] In an affidavit filed with his petition, Reed also seems to contend that his conviction for distribution in Reed II violates double jeopardy because of his conviction for importation in Reed I. This argument was expressly rejected by the Eleventh Circuit. United States v. Reed, 980 F.2d at 1581. This Court has no authority to rule on issues addressed by the Eleventh Circuit on direct appeal.

5

distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner

6

is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).³

Moreover, in order to obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d

---

³ See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

7

799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 Fed. Appx. 875, 876 (6th Cir. May 14, 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

In this case, the issues raised by Reed in his petition were plainly available to him on direct appeal and when he filed his first motion pursuant to 28 U.S.C. § 2255. Under these circumstances, the § 2255 remedy is not inadequate or ineffective and these issues cannot be raised in a petition pursuant to 28 U.S.C. § 2241.

As Reed is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

8

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to habeas petitions by federal prisoners under § 2241. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and because the Court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions. Cf. Greene v. Tennessee Dep't of Corrections, 265 F.3d 369 (6th Cir. 2001) (certificate of appealability requirement is applicable to state prisoner bringing § 2241 petition).

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. P. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

10

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint does not warrant service on the respondent, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this petition also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith, and he may not proceed on appeal <u>in forma pauperis</u>.

IT IS SO ORDERED this 31 day of May, 2005.

/s/ Jon P. McCalla
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 5 in case 2:05-CV-02024 was distributed by fax, mail, or direct printing on June 2, 2005 to the parties listed.

---

Jack Carlton Reed
FCI-MEMPHIS
06844-018
P.O. Box 34550
Memphis, TN 38184--055

Honorable Jon McCalla
US DISTRICT COURT