IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⧸⧸⧸ D.C.

05 DEC -5 AM 8:51

THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

|  |  |  |
|---|---|---|
| JACK C. REED, | X | |
| Petitioner, | X | |
| vs. | X | No. 05-2024-M1/V |
| T.C. OUTLAW, | X | |
| Respondent. | X | |

ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Jack C. Reed, Bureau of Prisons inmate registration number 06844-018, an inmate at the Federal Correctional Institution in Memphis, filed a pro se petition pursuant to 28 U.S.C. § 2241 on January 4, 2005. The Court issued an order on January 19, 2005 directing the petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. Reed paid the habeas filing fee on February 3, 2005. The Court issued an order on May 31, 2005 denying the petition and certifying that an appeal would not be taken in good faith. Judgment was entered on June 2, 2005. Petitioner filed a motion for reconsideration on July 1, 2005.[1]

---

[1] The document sheet erroneously states that the motion was filed on July 7, 2005.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-5-05



Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). Moreover, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001).

The arguments presented by Reed do not fall within the framework of Rule 60. Although Reed presumably relies on Rule 60(b)(2), his argument, that this Court misconstrued his original argument, does not address the fact that habeas relief is not available to challenge the imposition of a prisoner's sentence. In

2

this case, Reed argues that, pursuant to Eleventh Circuit law in effect at the time of his conviction, the Middle District of Florida "was without jurisdiction to receive a verdict with respect to the conspiracy charge made against him." Motion for Reconsideration of Order Denying Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241, filed July 1, 2005 ("P. Mot."), at 5; see also id. at 6-7. Reed has the opportunity to raise this issue on direct appeal or in a timely motion pursuant to 28 U.S.C. § 2255. Reed has not attempted to demonstrate that this case falls within the savings clause of § 2255 because relief under that provision is inadequate or ineffective.² Accordingly, habeas relief is not available to Reed.

---

² It is unnecessary to address the details of Reed's argument that he is actually innocent because his argument is legally irrelevant. As the Sixth Circuit has explained:

> Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause. . . .
>
> Most "actual innocence" cases which have qualified under the savings clause have concerned challenges to 18 U.S.C. § 924(c) convictions for "using" a firearm during a drug crime or violent crime. . . . After the Supreme Court narrowed the definition of "use" in § 924(c), see Bailey v. United States, 516 U.S. 137 . . . (1995), many prisoners found themselves actually innocent, yet procedurally barred from filing a § 2255 motion because the Supreme Court had announced a new statutory interpretation, rather than a new retroactive rule of constitutional law. . . . Thus, Bailey claims were permitted to be brought under § 2241.
>
> The savings clause does not apply to the instant case. Lott has not shown an applicable intervening change in the law or any extraordinary circumstances which reflect that he may be actually innocent.

Lott v. Davis, 105 Fed. Appx. 13, 15 (6th Cir. June 18, 2004), cert. denied, 125 S. Ct. 1103 (2005).

3

For all the foregoing reasons, the motion for reconsideration is DENIED.

IT IS SO ORDERED this __2__ day of __Dec.__, 2005.

_____
JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

4

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 8 in case 2:05-CV-02024 was distributed by fax, mail, or direct printing on December 5, 2005 to the parties listed.

---

Jack Carlton Reed
FCI-MEMPHIS
06844-018
P.O. Box 34550
Memphis, TN 38184--055

Honorable Jon McCalla
US DISTRICT COURT